IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHN FREDERICK GARVEY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv444 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner John Frederick Garvey, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

   <u>A.The Facts of the Case</u>

Garvey entered an open plea of guilty to the offense of delivery of a controlled substance and also pleaded true to an enhancement paragraph alleging a prior federal conviction for possession of a controlled substance with intent to distribute. He was admonished that the punishment range for the offense was 25 years to life in prison plus a fine up to $10,000. Garvey signed a waiver of a jury trial, an agreement to stipulate testimony, and a stipulation of evidence.

At the start of the proceeding, Garvey's attorney Tonda Curry announced that the case would be a plea, and the trial court stated that the date to accept a plea agreement had passed. Curry responded that when the deadline for accepting pleas expired, they did not have the offer which they had now. The prosecutor stated that she had not had the chance to discuss the case with the District

1

Attorney, but the trial judge told them it did not matter because the date to accept a plea bargain had passed and she was going to pick a jury that day.

After a recess, Curry and the prosecutor announced ready and the trial court stated for the record that Garvey wished to accept an open plea of guilty. Garvey testified that he wanted to enter a plea of guilty and that he understood he could only enter such a plea if he was in fact guilty. Garvey stated that he had enough time to talk to Curry about how he was proceeding in the case and Curry confirmed that she had enough time to talk to Garvey and that he understood the consequences of pleading guilty.

Garvey testified that he understood the trial court's explanation of the range of punishment. He was aware that he had a right to a jury trial and there was a jury downstairs that day waiting to hear his case, but he testified that he did not want a jury trial. He stated that he wished to give up his rights to call and cross-examine witnesses and to require the State to prove him guilty beyond a reasonable doubt. He understood that the stipulation of evidence amounted to a judicial confession and affirmed that he was guilty as charged in the indictment. He was pleading guilty because he was guilty and for no other reason.

In his federal habeas petition, Garvey asserted that he received ineffective assistance of counsel in two inter-related grounds. He complained that Curry failed to disclose the court-imposed deadline for plea bargaining to him and that he intended to accept the second offer he received. He also contended that Curry failed to disclose that the State had made an offer of 40 years, arguing that Curry had testified at the state habeas evidentiary hearing that she did not advise Garvey of the State's initial offer of a 40 year sentence.

Garvey claimed in an attached memorandum of law that he only learned of the 40 year offer during the state habeas proceeding. Had he known of the 40 year offer, he states that he would have accepted the 35 year offer. He was ready to accept the State's 32 year offer, made immediately before trial, but then got to court and learned that there was a deadline which had passed.

B. The Answer and the Response

The Respondent filed an answer arguing that Garvey's claims of ineffective assistance of counsel are waived by the entry of the guilty plea and that in the alternative, these claims are conclusory and foreclosed by the state habeas court's findings.

In his reply to the answer, Garvey stated that the Respondent did not mention *Missouri v. Frye*, 566 U.S. —, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), in which the petitioner obtained relief on the basis that his attorney failed to notify him of a plea offer that would have significantly changed the outcome of the proceeding. He claimed that his case is "virtually indistinguishable from *Frye*" and maintained that Curry testified at the state habeas hearing that she did not tell him about the 40-year offer because she did not think he would accept it. Garvey argued that he showed ineffective assistance because Curry did not advise him of the 40 year offer or the deadline for accepting pleas and that he showed prejudice because he would have accepted the 32 year offer but she did not tell him about the deadline, causing him to enter an open plea and receive a harsher sentence than he would otherwise have had.

C. The State Habeas Court's Findings of Fact

The state habeas court found that a scheduling order had been entered which gave notice of the date beyond which no pleas would be accepted and that prior to this deadline, Curry advised Garvey of the effect of not entering a plea by the deadline. Both Garvey and Curry were fully informed by the scheduling order that there was a plea cutoff date and no agreements would be considered after that date. The state habeas court further found that: the State made a 35-year offer, which Garvey rejected; a 32-year offer was made on the date of trial, but it was untimely under the scheduling order and was rejected for that reason; and Garvey did not announce that he wished to accept a plea offer prior to the cutoff date in the scheduling order.

In her affidavit, given as part of the state habeas proceedings, Curry stated that the prosecutor made an offer of 35 years, which she communicated to Garvey. His response was that he can not do that kind of time. She told him that the court imposed a deadline for accepting plea agreements

and that she would try to get him a better offer before the deadline. When the deadline arrived, the offer was still 35 years. Curry told Garvey that even if they received a new offer after the deadline, there was no guarantee that the judge would accept it. Garvey chose to try to get a better deal and see if the court would accept it.

Curry's affidavit states that on the day of trial, they had received a slightly better offer of 32 years, but the court refused to accept it after the plea agreement deadline. When faced with the prospect of a jury trial, Garvey elected to enter an open plea, and the court rendered a 50 year sentence. Curry states that there is no evidence in the record that the court would have accepted even a timely agreement for 35 years. Curry further states that "I did not fail to communicate anything to him; neither did I fail to timely communicate his acceptance of a plea offer to the district attorney or the court." Curry's affidavit was found credible by the state habeas court, a determination which is presumed correct. *Burdick v. Quarterman*, 504 F.3d 545, 548 (5th Cir. 2007). Garvey has failed to overcome this presumption by clear and convincing evidence.

## II. The Magistrate Judge's Report

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be denied. The Magistrate Judge stated that a petitioner who pleads guilty may only challenge the voluntary character of this plea in raising an ineffective assistance of counsel claim, because a guilty plea waives all non-jurisdictional defects occurring before entry of the plea. Because Garvey did not dispute the knowing and voluntary nature of his plea of guilt, the Magistrate Judge determined that this guilty plea waived Garvey's claim of ineffective assistance of counsel; however, the Magistrate Judge nonetheless addressed the substance of Garvey's claims and determined that these had no merit.

Specifically, the Magistrate Judge stated that under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a habeas corpus petitioner must establish both that (1) counsel's performance was deficient in that it fell below an objective standard of reasonable competence and (2) the deficient performance so prejudiced the defense that the outcome of the trial

4

was unreliable and there is a reasonable probability that, but for counsel's performance, the result of the trial would have been different. With regard to Garvey's claims, the Magistrate Judge concluded that: Garvey failed to show harm in the fact that he allegedly did not receive notice of a prior 40-year offer; Garvey did not show a reasonable likelihood that the trial court would have accepted a plea agreement for 35 years; and, Garvey was aware that there was a plea cut-off date and the trial court would not consider any plea agreements after this date.

**III. Garvey's Objections to the Report**

A. Waiver by Entry of the Guilty Plea

In his objections, Garvey first asserts that his claims are not waived by his entry of the guilty plea because he is not asserting that his plea was involuntary, or that he is not guilty, or that his plea of guilt was the result of ineffective assistance. He quotes an argument made by the State in *Frye* to the effect that "the challenge is not to the advice pertaining to the plea that was accepted but rather the course of legal representation that preceded it with respect to other potential pleas and plea offers."

The Fifth Circuit has not specifically addressed the extent to which a guilty plea waives a *Frye* claim of failure to convey a plea offer. *See Miller v. Thaler*, 714 F.3d 897, 903 and n.4 (5th Cir. 2013) (counsel was not ineffective because the plea offer was communicated, so the prejudice prong was not reached). As in *Miller*, and unlike *Frye,* Curry conveyed the 35-year offer to Garvey, who rejected it. The Magistrate Judge properly considered the merits of Garvey's claims and did not rely simply on waiver. Garvey's first objection offers no basis upon which to set aside the Magistrate Judge's Report.

B. Alleged Acceptance of the 35-Year Offer

Second, Garvey maintains that he would have accepted the second plea offer, meaning the 35 year offer. He states that it is common practice, or understood to be by prisoners, that prosecutors will make an initially high offer and then follow it with a lower offer after some time has passed. Thus, he claims that rejecting an initial offer is part of the bargaining process. He gives as an

5

example that a prosecutor might offer 50 years, have this offer rejected, and then lower the offer to 40 years. Garvey argues that the same reasoning might apply to a conversation between the defendant and his attorney; the lawyer may pass along a 35 year offer and the defendant responds that this is too many years, which he describes as "an attempt to get the attorney to negotiate more fiercely on his behalf." He points to his own testimony at the evidentiary hearing in which he purportedly quotes Curry as stating that rejecting the 35 year offer would "buy her time to talk the DA down." Garvey also notes that he did accept the last plea offer, which was the 32 year offer given on the eve of trial which was too late.

Garvey's claim that he would have accepted the 35-year plea offer is based on his assertion that there was a 40 year offer which was not conveyed to him. However, the evidence found credible by the state habeas court, including Curry's affidavit and testimony, shows that Garvey received an offer of 35 years but that he rejected it because "he could not do that kind of time." Garvey offers only bare and conclusory assertions to suggest that his reaction to the 35-year offer would have been different had he received a previous offer of only five more years. Such assertions are insufficient to overcome his burden of proof. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983) (bald assertions on critical issues, unsupported and unsubstantiated by anything else contained in the record, lack probative evidentiary value); *Green v. Johnson*, 160 F.3d 1029, 1040 (5th Cir. 1998) (conclusory assertions are insufficient to show the prejudice required to demonstrate ineffective assistance of counsel).

In addition, Garvey states that he "probably would have accepted a plea offer with a trial date looming," but the state habeas court found as facts that both Garvey and Curry were fully informed that there was a plea cut-off date and that Garvey did not announce that he wished to accept a plea offer prior to this cut-off date. Thus, he did have a trial date upcoming, but nonetheless did not indicate that he wanted to accept the 35-year offer at any point before the deadline; on the contrary, he told his attorney that 35 years was "too much time." This objection is without merit.

C. Would the State Court have accepted the agreement?

Third, Garvey maintains it is reasonably probable that the trial court would have accepted the plea agreement, but states that the question is in fact "whether there is a reasonable probability that the trial court would have prevented the offer from being accepted or implemented." He contends that there is no evidence the trial court would have prevented the offer from being accepted or implemented; Garvey asserts that the trial court was willing to accept plea offers, he can find no instance of this court rejecting a timely plea agreement, and "while the trial court never indicated it would accept a 35 year plea offer, neither did it indicate that it would have rejected such an offer." However, Garvey has the burden of proof to show that the court would have accepted the terms of the plea agreement. *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 1385, 182 L.Ed.2d 398 (2012). He has failed to meet this burden.

While Garvey asserts it is "reasonably probable" that the trial court would have accepted the plea agreement, he offers nothing to support this speculation. The Supreme Court stated that "in order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability that they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Frye,* 132 S.Ct. at 1403. Under Texas law, trial courts have the discretion to refuse to accept plea agreements. *State ex rel Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex.Crim.App. 1983); Tex. Code Crim. Pro. art. 26.13.

Even had Garvey shown a reasonable probability that he would have accepted a plea offer prior to the deadline, he has presented nothing to suggest that the trial court would have accepted a plea offer of either 32 or 35 years. The trial court was aware of the 32 and 35 year offers and could have effectively implemented either offer by assessing a sentence of that length, but chose instead to assess a 50-year sentence. The trial court also heard the arguments of counsel and discussed the aggravating and mitigating evidence in assessing sentence, making clear that the court

7

believed a 50-year sentence was appropriate in light of all of the evidence. (Docket no. 8-6, pp. 31-42). Curry testified at the state habeas hearing that "if a judge evaluated this case as a 50-year case, they may well not have accepted the plea agreement for 32 or 35." (Docket no. 8-9. p. 23). This objection is without merit.

### D. Failure to Convey the Alleged 40-Year Offer

Garvey contends that "during state habeas proceedings, at the evidentiary hearing, Ms. Curry specifically stated that she did not inform Garvey of the 40 year offer because she did not think he would accept it." Review of Curry's testimony shows that she made no such statement. (Docket no. 8-9, pp. 6-34). Garvey, in his testimony, stated that "but then she did tell me that there was another offer of 40, I believe. But she said she never told me because she knew I wouldn't accept that or whatever." (Docket no. 8-9. p. 36). Garvey's recitation of what Curry allegedly told him is not tantamount to testimony by the attorney herself.

Curry did state as follows: "Whitney Tharpe was the lead prosecutor in this court at that time. I began discussing with her - she started out at a very high number, came down to a number of 40 years imprisonment, and then ultimately came down to an offer - an actual offer of 35 years incarceration." (Docket no. 8-9, p. 12). It is not clear from this testimony if the 40 years was just a discussion point and the 35 years was an "actual offer," or if both the 40 years and the 35 years were offers extended by Tharpe to Curry. In any event, the state habeas court findings of fact make no mention of a 40 year offer, but simply concluded that "the record in this case reflects that the State extended a timely plea offer to the defendant of 35 years imprisonment, which offer was rejected by the defendant."

Even assuming that a 40 year offer was conveyed to Curry and she did not relay it to Garvey, which is contrary to Curry's credible affidavit, Garvey has not shown any cognizable harm. He received and rejected a 35 year offer, which suggests that he would not have accepted an earlier 40 year offer. *See Lafler*, 132 S.Ct. at 1385. Thus, Garvey has not shown that but for counsel's alleged failure in presenting the 40-year offer, the result of the proceeding would probably have been

8

different. He offers nothing outside of conclusory assertions to support his claim that had he known of the 40-year offer, he would have accepted the 35-year offer despite his rejection of that offer because he could not do that much time.

E. Not Denied on the Merits

Garvey asserts that his state habeas petition was not denied on the merits with respect to his claim that Curry failed to tell him about the 40 year plea offer because he only learned of this offer at the evidentiary hearing; at that time, he had no such claim outstanding. No findings were made with regard to this claim by the state habeas court.

Garvey's claim concerning a 40-year offer appears for the first time in his federal habeas petition. He acknowledges this in his petition and states, in answer to question no. 23, that "Garvey learned his trial attorney failed to convey a plea offer for the first time during state habeas corpus proceedings when his trial attorney testified to such during the evidentiary hearing." (Docket no. 1, p. 8).

Setting aside the fact that Curry did not testify at the hearing that she failed to convey a plea offer, Garvey's own testimony at that hearing shows that he knew about this alleged ground for relief prior to the hearing. He testified that Curry had told him there had been a 40-year offer but that she did not tell him about it because she knew he would not accept it. He has not shown any valid basis for failing to present this claim to the state courts.

Because this ground was raised for the first time in Garvey's federal habeas petition, it is unexhausted as well as being without merit. *See Kittleson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005). The state habeas court did not make a specific finding on this ground because it did not appear in Garvey's state habeas application. Garvey's objection with regard to this ground for relief is without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C.

§636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 12) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner John Frederick Garvey is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **1** day of **November, 2016.**

_____
Ron Clark, United States District Judge